(87 Misc. Rep. 418)

KELLOGG v. MATCH SUPPLY CO. et al.·

(Supreme Court, Special Term, Albany County.   October, 1914.)

PLEADING (§ 294*)—ANSWER—NECESSITY OF VERIFICATION.

Under Code Civ. Proc. § 523, permitting the omission of the verification of an answer where defendant would be privileged from testifying in\ regard to its allegations, a defendant's answer to the complaint in an action for damages for inducing plaintiff to purchase corporate stock by fraudulent representations need not be verified, where the complaint alleges that defendants unlawfully conspired and confederated together to defraud plaintiff.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 885, 886; Dec. Dig. § 294.*]

Action by Mary E. Kellogg against the Match Supply Company and Charles M. Kellogg.   On motion to require plaintiff's attorneys to receive an unverified answer of defendant Kellogg.   Motion granted.

Holmes, Rogers & Carpenter, of New York City (Charles P. Rogers, of New York City, of counsel), for plaintiff.

John C. Watson, of Albany (J. S. Frost, of Albany, of counsel), for defendant Kellogg.

CHESTER, J.   The defendant Kellogg has served an unverified answer, which has been returned to his attorney because the same was not verified.   This motion is made to require the plaintiff's attorneys to receive such answer, notwithstanding it is not verified.   The complaint was verified, and in form states but a single cause of action.   It is difficult to determine from this whether the cause of action intended to be alleged is one for damages for conspiracy, or whether it is one for damages for inducing the plaintiff to purchase certain stock in the defendant Match Supply Company by means of false and fraudulent representations made by the defendants, which the plaintiff relied upon. in buying the same.

An examination of the entire complaint leads me to believe that the pleader intended to allege a cause of action against the defendants for damages for inducing her to purchase the stock in question by means of false and fraudulent representations made by the defendants, which she relied upon in buying the stock.   If that is a correct view of the complaint, and that was all it contained, the case would undoubtedly be governed by Beckley v. Chamberlin, 65 Hun, 37, 19 N. Y. Supp. 745, which held that in such a case, where the complaint was verified, the answer must also be verified.   In that case the court expressly refused to follow the case of Frist v. Climm, 6 Civ. Proc. R. 30, where substantially the contrary was held; but the complaint in question here contains an allegation that the defendants unlawfully conspired and confederated together for the purpose of defrauding the plaintiff in the sale to her of such stock.   In that allegation a crime is charged, and while I think the allegation is immaterial in a complaint stating a cause of action for damages for false and fraudulent representations, yet so long as it is in the complaint, and has not been stricken out, the defendants must answer it.   The case is not, therefore, within the rule

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

laid down in Beckley v. Chamberlin, because in that case there was no such allegation.

The defendant Kellogg, who seeks to interpose this unverified answer, and who it is claimed was one of the parties to the alleged conspiracy, would be privileged from testifying as a witness concerning the allegation of conspiracy, if he chose to claim his privilege, and therefore it seems to me that the case is governed by section 523 of the Code of Civil Procedure, which permits the omission of a verification in such a case.

The motion must be granted, with $10 costs to abide the event.